# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ASHINC Corporation, et al.,<br><br>   Debtor. | Chapter 11<br><br>Case No. 12-11564 (CSS)<br>(Jointly Administered) |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ASHINC CORPORATION, AND ITS AFFILIATED DEBTORS,<br><br>   Plaintiff,<br><br>v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, LLC, YUCAIPA AMERICAN MANAGEMENT, LLC, AMERICAN AIRLINES MASTER FIXED BENEFIT PENSION PLAN TRUST, AMERICAN PRIVATE EQUITY PARTNERS II, LP, AUTOMOTIVE MACHINISTS PENSION TRUST, BOARD OF FIRE AND POLICE PENSION COMMISSIONERS OF THE CITY OF LOS ANGELES, CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA, COLLER PARTNERS 702 LP INCORPORATED, CLOUSE S.A., CONSOLIDATED RETIREMENT FUND, IAM PRIVATE EQUITY, LLC, ILGWU DEATH BENEFIT FUND 4, INTERNATIONAL SIF SICAV SA, LOCALS 302 & 612 OF THE INTERNATIONAL UNION OF OPERATING | Adv. Pro. No. 21-51179<br><br><br><br><br><br><br><br>C.A. No. 1:22-cv-00302-CFC |

ENGINEERS – EMPLOYERS CONSTRUCTION INDUSTRY RETIREMENT TRUST, LOS ANGELES CITY EMPLOYEES' RETIREMENT SYSTEM, NATIONAL RETIREMENT FUND, NEW MEXICO STATE INVESTMENT COUNCIL, NEW MEXICO STATE INVESTMENT COUNCIL LAND GRANT PERMANENT FUND, NEW MEXICO STATE INVESTMENT COUNCIL SEVERANCE TAX PERMANENT FUND, NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, NEW YORK CITY FIRE DEPARTMENT PENSION FUND, NEW YORK CITY POLICE PENSION FUND, NORTHEAST CARPENTERS PENSION FUND, PACIFIC COAST ROOFERS PENSION PLAN, SANBA II INVESTMENT AUTHORITY, STATE STREET BANK AND TRUST COMPANY (AS TRUSTEE ON BEHALF OF AMERICAN AIRLINES MASTER FIXED BENEFIT PENSION PLAN TRUST); STEAMSHIP TRADE ASSOCIATION OF BALTIMORE, INC. – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION (AFL-CIO) PENSION FUND, TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK, UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION PENSION PLAN FOR EMPLOYEES, WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST

Defendants.

# LP DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO WITHDRAW THE REFERENCE PURSUANT TO 28 U.S.C. § 157(d) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 5011

Dated: May 24, 2022

**BAYARD, P.A.**
Erin R. Fay (No. 5268)
Gregory J. Flasser (No. 6154)
600 N. King Street, Suite 400
P.O. Box 25130
Wilmington, DE 19899
Telephone: 302-429-4242
Email:  efay@bayardlaw.com
            gflasser@bayardlaw.com

- and -

**LOWENSTEIN SANDLER LLP**
Michael Etkin
Andrew Behlmann
Nicole Fulfree
Colleen Restel
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ  07068
Telephone: 973-597-2500
Email: metkin@lowenstein.com
            abehlmann@lowenstein.com
            nfulfree@lowenstein.com
            crestel@lowenstein.com

*Counsel to the LP Defendants*

# **TABLE OF CONTENTS**

**PAGES**

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION ..................................................................................................1

ARGUMENT ..........................................................................................................4

I. MANDATORY WITHDRAWAL IS REQUIRED BECAUSE THIS COURT MUST GIVE SUBSTANTIAL AND MATERIAL CONSIDERATION TO THE ERISA ANTI-ALIENATION PROVISIONS .......................................................................4

II. GOOD CAUSE EXISTS FOR THE PERMISSIVE WITHDRAWAL OF THIS ADVERSARY PROCEEDING .........................7

CONCLUSION .....................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*In re Appleseed's Intermediate Holdings, LLC*,
  Civ. No. 11-807, 2011 WL 6293251 (D. Del. Dec. 15, 2011) .........................7, 9

*Hatzel & Buehler, Inc. v. Cent. Hudson Gas & Elec. Corp.*,
  106 B.R. 367 (D. Del. 1989)................................................................................7, 8

*In re Homeland Stores, Inc.*,
  204 B.R. 427 (D. Del. 1997)....................................................................................6

*In re Nortel Networks, Inc.*,
  539 B.R. 704 (D. Del. 2015)....................................................................................5

*Steiner Elec. Co. v. Central States, Sw. and Sw. Area Pension Fund*,
  No 95 C 687, 1995 WL 399517 (N.D. Ill. June 29, 1995) ...................................7

*U.S. v. Delfasco, Inc.*,
  409 B.R. 704 (D. Del. 2009)....................................................................................4

**STATUTES**

28 U.S.C. § 157(d) ................................................................................................1, 7

**RULES**

Bankruptcy Rule 5011 ............................................................................................1

Local Rule 5011-1...................................................................................................1

The LP Defendants[1] listed on **Exhibit A** attached hereto in this Adversary Proceeding brought by the Litigation Trustee for Allied (the "Trustee"), submit this reply (the "Reply") to the Trustee's response (the "Response") and in further support of the LP Defendants' motion to withdraw the bankruptcy reference (the "Motion") of the Adversary Proceeding pursuant to 28 U.S.C. § 157(d), Bankruptcy Rule 5011, and Local Rule 5011-1 and respectfully state as follows:

## INTRODUCTION

1. The arguments advanced through the Response fail to provide any grounds for this Court to deny the relief requested by the Motion to withdraw the reference of this Adversary Proceeding on both mandatory and permissive grounds. Moreover, the Response ignores critical facts fundamentally relevant to the relief requested by the Motion.

2. The Response only serves to highlight how central a role the defense premised upon ERISA anti-alienation provisions will play in this Adversary Proceeding, which will require material and substantial consideration by this Court in addressing issues of first impression in the Third Circuit. As set forth in the Motion, and not seriously disputed by the Trustee, the interpretation of the proper scope and application of ERISA anti-alienation provisions have not been established by the courts within the Third Circuit. Therefore, the Bankruptcy Court lacks the

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

1

juridical precedent necessary to "simply apply" well-established law to the facts and circumstances of this Adversary Proceeding. Rather, this Court will be required to consider statutory and regulatory ERISA provisions, non-binding case law from other jurisdictions, and to balance competing Congressional policies in order to establish precedent within the Third Circuit concerning the proper scope and application of the ERISA anti-alienation provisions. For these reasons, withdrawal of the reference is mandatory under the circumstances.

3. This Court should also reject the Trustee's arguments that, due to the Bankruptcy Court's familiarity with separate and now concluded litigation between the Trustee and Yucaipa, the Adversary Proceeding should remain in the Bankruptcy Court. First, as detailed in the Motion and set forth below, all of the claims the Trustee has asserted against the LP Defendants are non-core claims under state law and occurred years *after* Allied's Chapter 11 plan was confirmed. Second, such claims are independent of Yucaipa's alleged wrongful acts that are the subject of the concluded trial involving Yucaipa.

4. Moreover, the Trustee's insistence that keeping the matter before the Bankruptcy Court will somehow conserve judicial resources is a *non sequitur* in light of Judge Sontchi's impending retirement next month. Further distancing this Adversary Proceeding from the Bankruptcy Court, on the same day that the Trustee filed the Response, Judge Sontchi issued a ruling (the "Trial Opinion") following

the trial between the Trustee and Yucaipa, holding that the Trustee was entitled to no recovery on account of her claims against Yucaipa due, *inter alia*, to her failure to prove any compensable damages at trial.

5.  Thereafter, on May 12, 2022, the Trustee filed a Notice of Appeal[2] in this Court seeking a review of the Bankruptcy Court's Trial Opinion (the "Trial Opinion Appeal").[3] The Trial Opinion Appeal, as well as a prior appeal taken by Yucaipa to this Court on June 6, 2021,[4] seeking review of the opinion and judgment issued by the Bankruptcy Court in connection with the competing summary judgment motions filed by the Trustee and Yucaipa ("Yucaipa's 2021 Appeal"),[5] means that *all* disputes between the Trustee and Yucaipa are presently awaiting resolution in ***this Court***. Under the circumstances, it defies logic that having this Adversary Proceeding heard in the Bankruptcy Court – before a successor judge totally unfamiliar with the facts, procedural history, and prior rulings in either the Chapter 11 case or any post-confirmation litigation (to the extent relevant) – would promote the interests of judicial economy.

6.  Finally, the Response fails to rebut the LP Defendants' analysis set forth in the Motion demonstrating how each of the permissive withdrawal factors

---

[2] Adv. Pro. No. 13-50530, D.I. 1010.

[3] The Trial Opinion Appeal is pending before the District Court at Civil Action No. 22-cv-00634.

[4] Adv. Pro. No. 13-50530, D.I. 858.

[5] Yucaipa's 2021 Appeal remains pending before the District Court at Civil Action Nos. 21-cv-994 and 995.

has been satisfied. The Motion was timely filed, the state law claims the Trustee is pursuing are non-core, and consideration of such claims by this Court – which is already considering the Yucaipa related appeals and has the power to conduct jury trials and issue final orders – is a far superior use of judicial resources than having this Adversary Proceeding heard by a newly assigned bankruptcy judge and potentially wind up before this Court in any event. Accordingly, the Motion should be granted and the reference withdrawn with respect to this Adversary Proceeding.

## ARGUMENT

**I.  MANDATORY WITHDRAWAL IS REQUIRED BECAUSE THIS COURT MUST GIVE SUBSTANTIAL AND MATERIAL CONSIDERATION TO THE ERISA ANTI-ALIENATION PROVISIONS**

7. The Trustee's strained attempt to prematurely rebut the LP Defendants' ERISA-based defenses on the merits in the context of the Response perfectly highlights why consideration of such defenses will require this Court to engage in "substantial and material consideration" of the ERISA statute. *U.S. v. Delfasco, Inc.*, 409 B.R. 704, 707 (D. Del. 2009). The Trustee tries to argue that the anti-alienation defense "can be rejected by 'simple application' of settled law to the facts". Response at 10. However, the fallacy of the Trustee's position is exposed by the Response itself, which then devotes several pages citing to inapposite cases from the First Circuit, the Second Circuit, the District of Maryland, and the District of New Mexico in an empty attempt to demonstrate how "settled" the law is in the Third

Circuit with respect to the ERISA anti-alienation provisions.

8. Indeed, the Trustee would be hard-pressed to find a better way to highlight to this Court that the law is *unsettled* in the Third Circuit concerning proper interpretation and application of the ERISA anti-alienation defense. While the thrust of the Trustee's argument attempts to draw a distinction between individual participant benefits and plan benefits – based exclusively on cases from outside the Third Circuit – the Trustee then concedes that a court in the Third Circuit may still nonetheless conclude that the ERISA anti-alienation provision may operate to foreclose the Trustee's attempted recovery against plan benefits. Response at 11 n.9.

9. Given this concession by the Trustee concerning the appropriate interpretation of the scope of the ERISA anti-alienation defense, it is hard to understand how the Bankruptcy Court would only have to "apply" settled law to the facts of this Adversary Proceeding. Clearly, the Trustee herself is unable to articulate the state of the law concerning the ERISA anti-alienation defense in the Third Circuit. As set forth in detail in the Motion, the meaningful "consideration of federal law . . . . includes deciding an issue of first impression or analyzing the law beyond applying it to the facts of the case." *In re Nortel Networks, Inc.*, 539 B.R. 704, 708 (D. Del. 2015); Mot. ¶¶ 19, 23-26. The Motion, as well as the Response, demonstrate that there is indeed no controlling case law in the Third Circuit regarding these significant ERISA defenses.

10. The Trustee attempts to distinguish *In re Homeland Stores, Inc.*, 204 B.R. 427 (D. Del. 1997), by arguing that it "did not address ERISA's anti-alienation provisions at all". Response at 12. However, this argument completely misses the mark. The Motion never suggested that the *Homeland* decision addressed the ERISA anti-alienation provisions, or that *Homeland*'s substantive rulings concerning any ERISA provisions are controlling or even relevant to this Adversary Proceeding. Rather, the *Homeland* case is instructive because the Delaware District Court recognized that the ERISA issues raised by the litigants in that case were unsettled within the Third Circuit, and therefore withdrawal of the reference was mandatory. *Homeland*, 204 B.R. at 431 (the adversary proceeding would include determining whether a restitution claim is "needed to fill in the interstices of the ERISA statute").

11. Here, no response to the Complaint has yet been filed, and the LP Defendants are obviously not asking this Court to rule on the substantive issues raised in connection with the ERISA anti-alienation defense in order to grant the Motion. However, just as in *Homeland*, this Court can recognize that mandatory withdrawal of the reference is necessary because resolution of this Adversary Proceeding will require this Court to give material and substantial consideration to ERISA provisions and related case law. As made apparent by the Trustee's Response, there is no controlling precedent within the Third Circuit concerning the proper scope or application of ERISA's anti-alienation provisions. Accordingly, the

Bankruptcy Court necessarily is unable to apply "well-settled" law to the facts of this Adversary Proceeding. Indeed, it is exclusively within the purview of this Court to further develop ERISA jurisprudence within the Third Circuit. *See Steiner Elec. Co. v. Central States, Sw. and Sw. Area Pension Fund*, No 95 C 687, 1995 WL 399517, at *6 (N.D. Ill. June 29, 1995) (finding that "Congress intended the federal courts to participate in the development of the ERISA statute"). Accordingly, 28 U.S.C. § 157(d) mandates withdrawal of the reference of this Adversary Proceeding.

## II. GOOD CAUSE EXISTS FOR THE PERMISSIVE WITHDRAWAL OF THIS ADVERSARY PROCEEDING

12. The Trustee similarly fails to rebut the LP Defendants' showing that good cause exists for permissive withdrawal of the reference because each of the factors favoring permissive withdrawal has been satisfied.

13. The Trustee first attempts to argue that the Motion is "premature" because the Bankruptcy Court has not determined whether the proceeding is core. Response at 13-14. Notably, the two cases that the Trustee relies upon for this argument – *In re Appleseed's Intermediate Holdings, LLC*, Civ. No. 11-807 JEI/KM, 2011 WL 6293251, at *1 (D. Del. Dec. 15, 2011); *In re Hatzel & Buehler, Inc. v. Cent. Hudson Gas & Elec. Corp.*, 106 B.R. 367, 370 (D. Del. 1989) – are inapposite. Response at 13-14. In *Appleseed's*, the District Court actually refused to send the matter back to the bankruptcy court for a determination as to whether the claims at issue were core. 2011 WL 6293251 at *2 n.5 ("for the

7

purposes of judicial efficiency, the Court will not require the [defendants] to first return to the Bankruptcy Court for a core/non-core determination"). The *Hatzel* case is easily distinguishable because the entire basis for the motion to withdraw the reference hinged on a determination of whether the claims at issue were core, *Hatzel*, 106 B.R. at 370 (movant's "sole argument in favor of its motion for withdrawal of reference is that this is a non-core proceeding").

14. By contrast, here the Trustee's non-core post-confirmation state law claims are only one of several factors that require permissive withdrawal. Moreover, the Trustee's belated attempts to incorrectly argue that this Adversary Proceeding presents core claims because the Trustee is somehow seeking to enforce the Bankruptcy Court's priors order against non-debtor defendants, rings hollow. Response at 14, 18-19. Not only is the position that this Adversary Proceeding is an attempt to enforce the Bankruptcy Court's prior orders specious at best, but the Complaint itself tellingly omits any reference to enforcement of the Bankruptcy Court's prior orders as a basis for alleging core jurisdiction. As set forth in the Motion, the Trustee is asserting exclusively state law claims against defendants, nearly all of which were not creditors of the bankruptcy estate, that arise from facts and circumstances that allegedly occurred years after the Bankruptcy Court confirmed the Plan. Mot. ¶¶ 33-38.

15. Nor does the Trustee explain how having the Bankruptcy Court oversee

8

this Adversary Proceeding will promote judicial economy. The Trustee makes the self-serving and conclusory statement that the "Bankruptcy Court's knowledge of this history, especially Yucaipa's conduct and behavior, is central to the Adversary Proceeding." Response at 17. In the first instance, Yucaipa's alleged conduct that forms the basis of the now concluded trial in the Bankruptcy Court, while relevant to any judgment against Yucaipa in that litigation, has little, if anything, to do with the transfers that are the subject of this Adversary Proceeding and issues such as the relationship with the LP Defendants, their good faith, and Allied's solvency. In addition, and critically, the Trustee is unable to square the Bankruptcy Court's supposed institutional knowledge of Yucaipa's litigation history with the undisputed fact that Judge Sontchi will be retiring next month. Even if there was at one point a judicial efficiency argument (which the LP Defendants do not concede), any such efficiency no longer exists given Judge Sontchi's upcoming retirement.

16. In fact, judicial economy considerations heavily favor this Court adjudicating the issues in this Adversary Proceeding. This Court has the power to conduct jury trials and to enter final orders, thus eliminating an added level of judicial review. *See Appleseed's*, 2011 WL 6293251 at *3 ("withdrawing the reference now will expedite the bankruptcy process. The parties can skip the Bankruptcy Court and proceed directly in this Court, which will eliminate a round of appeals. Furthermore, the reorganization process has already been completed,

9

which only leaves litigation over state law claims"). Equally important, all matters concerning the trial involving Yucaipa and the Trustee have been completed and are now on appeal before this Court. Contrary to the Trustee's arguments, consideration of this Adversary Proceeding by this Court would effectively consolidate all matters relating to Yucaipa before a single court, as opposed to having a newly assigned bankruptcy judge, with no institutional knowledge of the complex disputes involving Yucaipa, responsible for this recently filed Adversary Proceeding.

17. This is not a situation where an adversary proceeding is just one component of a hotly contested Chapter 11 process, where judicial economy is promoted by having the litigation heard before the same bankruptcy judge that is intimately familiar with the parties, issues, and the reorganization as a whole. In sharp contrast, Allied's Plan went effective in 2016 and the Chapter 11 process has effectively concluded, save for the Yucaipa related appeals now before this Court. The acts giving rise to the Trustee's claims in the Adversary Proceeding allegedly occurred between 2017 and 2019. Compl. ¶¶ 130-138. The bankruptcy judge that oversaw Allied's Chapter 11 reorganization and the litigation between the Trustee and Yucaipa that took place post-confirmation will not be on the bench after June. Under these circumstances, all of the applicable factors strongly favor permissive withdrawal, and thus, the LP Defendants have established cause for permissive withdrawal of the reference.

## CONCLUSION

For the foregoing reasons, and those set forth in the Motion, this Court should withdraw the reference of this Adversary Proceeding.

Dated: May 24, 2022  
      Wilmington, Delaware

Respectfully submitted,

*/s/ Erin R. Fay*
Erin R. Fay (No. 5268)
Gregory J. Flasser (No. 6154)
**BAYARD, P.A.**
600 N. King Street, Suite 400
P.O. Box 25130
Wilmington, DE 19899
Telephone: 302-429-4242
Email:  efay@bayardlaw.com
      gflasser@bayardlaw.com

- and -

**LOWENSTEIN SANDLER LLP**
Michael Etkin
Andrew Behlmann
Nicole Fulfree
Colleen Restel
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ  07068
Telephone: 973-597-2500
Email: metkin@lowenstein.com
     abehlmann@lowenstein.com
     nfulfree@lowenstein.com
     crestel@lowenstein.com

*Counsel to the LP Defendants*

**EXHIBIT A**
LP Defendants

| No. | LP Defendant |
|---|---|
| 1 | American Private Equity Partners II, LP |
| 2 | American Airlines Master Fixed Benefit Pension Plan Trust*[6] |
| 3 | California Public Employees' Retirement System |
| 4 | Carpenters Pension Trust for Northern California* |
| 5 | Clouse S.A. |
| 6 | Coller Partners 702 LP Incorporated |
| 7 | Consolidated Retirement Fund* |
| 8 | IAM Private Equity, LLC* |
| 9 | ILGWU Death Benefit Fund 4* |
| 10 | International SIF SICAV SA |
| 11 | Locals 302 & 612 Of The Int'l Union Of Operating Engineers – Employers Construction Industry Retirement Trust* |
| 12 | National Retirement Fund* |
| 13 | New Mexico State Investment Council |
| 14 | New Mexico State Investment Council Land Grant Permanent Fund |
| 15 | New Mexico State Investment Council Severance Tax Permanent Fund |
| 16 | New York City Employees' Retirement System |
| 17 | New York City Fire Department Pension Fund |
| 18 | New York City Police Pension Fund |
| 19 | Northeast Carpenters Pension Fund* |
| 20 | Pacific Coast Roofers Pension Plan* |
| 21 | Sanba II Investment Company |
| 22 | State Street Bank and Trust Company (as Trustee on behalf of Am. Airlines Master Fixed Benefit Pension Plan Trust) |
| 23 | Steamship Trade Association of Baltimore, Inc. – Int'l Longshoremen's Association (AFL-CIO) Pension Fund* |
| 24 | Teachers' Retirement System of the City of New York |
| 25 | United Food and Commercial Workers International Union Pension Plan for Employees* |
| 26 | Western Conference of Teamsters Pension Trust* |

---

[6] LP Defendants followed with an asterisk represent the ERISA LP Defendants.

**Certificate of Font-Type Size and Word Count Compliance**

I hereby certify that the forgoing *LP Defendants' Reply In Further Support Of Motion To Withdraw The Reference Pursuant To 28 U.S.C. § 157(D) And Federal Rule Of Bankruptcy Procedure 5011* complies with the Honorable Chief Judge Colm F. Connolly's *Standing Order Regarding Briefing In All Cases,* in that it has been prepared with Times New Roman font, 14 point, and the substance of this brief totals 2433 words according to the word-processing system used to prepare it, which falls within the 2,500 word limitation.

Dated: May 24, 2022

*/s/ Erin R. Fay*
Erin R. Fay (#5268)