# Exhibit 1

# ZAIGER LLC

432 PARK AVENUE, SUITE 19A
NEW YORK, NEW YORK 10022
WWW.ZAIGERLLC.COM

JEFFREY H. ZAIGER
DIRECT DIAL: (203) 347-7180
EMAIL:  jzaiger@zaigerllc.com

June 2, 2022

**Via Email**

**GLASER WEIL FINK HOWARD AVCHEN &
SHAPIRO LLP**
Patricia Glaser
Gali Grant
Matthew Bernstein
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067

**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones
David M. Bertenthal
Peter J. Keane
919 N. Market Street, 17th Floor
Wilmington, DE 19899-8705 (Courier 19801)

Re: ***In re: ASHINC Corp., et al*, No. 12-11564
and Adv. Proc. Nos. 13-50530 and 14-50971**

Dear Counsel:

On behalf of the Trustee, we write regarding your letter to Judge Sontchi dated May 2, 2022.[1]  Your May 2 letter reflects an apparent disconnect between what the Trustee requested in her discovery requests served on July 9, 2021[2] and how Yucaipa responded.  Specifically, at several points in your letter you claim that your productions are complete because you have provided all information regarding distributions to Yucaipa's partners. However, neither the Requests nor the Rule 2004 Order entered on July 8, 2021[3] were so limited.  *See* Interrogatory Request #5 ("Identify and describe all Assets the Partnership has distributed to its Partners (whether in cash or in kind) ***or otherwise sold, spent, transferred, or alienated*** . . ."); Document Request #1 (same); Rule 2004 Order (requiring disclosure of "dates, amounts, and the names of the recipients for ***any and all*** distributions made by YAAF 1 since 2016.").

---

[1]      A copy of the letter is attached hereto as **Appendix A**.

[2]      A copy of the Trustee's First Set of Interrogatories and Document Requests to Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P. Pursuant to Rules 2004 and 7069 of the Federal Rules of Bankruptcy Procedure dated July 9, 2021 (the "**Requests**") is attached hereto as **Appendix B**.

[3]      A copy of the Order Granting Motion of the Chapter 11 Trustee for an Order Pursuant to Bankruptcy Rule 2004 Authorizing the Taking of Document Discovery and Deposition Testimony From Yucaipa dated July 8, 2021 (the "**Rule 2004 Order**") is attached hereto as **Appendix C**.

1

These Requests are not limited to simply "distributions to [Yucaipa's] partners," and to the extent Yucaipa's responses did not include disclosure beyond that unilaterally imposed restriction they are incomplete and incorrect.  As such, we ask for prompt clarification as to whether there are Assets that were "otherwise sold, spent, transferred, or alienated from January 1, 2015 to present" that were not identified in Yucaipa's disclosures.

We are available to discuss at your convenience.

Very truly yours,

*/s/ Jeffrey H. Zaiger*

Jeffrey H. Zaiger

cc (via email): Gregory P. Joseph
                Douglas J. Pepe
                Gila S. Singer
                Judd Lindenfeld
                Catherine Youngman
                Seth Niederman

# APPENDIX A



**PACHULSKI
STANG
ZIEHL
JONES**

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

WILMINGTON, DE
LOS ANGELES, CA
SAN FRANCISCO, CA
NEW YORK, NY
COSTA MESA, CA

919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100

FACSIMILE: 302/652 4400


LOS ANGELES

10100 SANTA MONICA BLVD.

13th FLOOR

LOS ANGELES

CALIFORNIA 90067

TELEPHONE: 310/277 6910

FACSIMILE: 310/201 0760


SAN FRANCISCO

150 CALIFORNIA STREET

15th FLOOR

SAN FRANCISCO

CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000

FACSIMILE: 415/263 7010


NEW YORK

780 THIRD AVENUE

34th FLOOR

NEW YORK

NEW YORK 10017-2024

TELEPHONE: 212/561 7700

FACSIMILE: 212/561 7777


COSTA MESA

650 TOWNE CENTER DRIVE

SUITE 1500

COSTA MESA

CALIFORNIA 92626

TELEPHONE: 714/384 4750

FACSIMILE: 714/384 4751


WEB: www.pszjlaw.com

Laura Davis Jones

May 2, 2022

ljones@pszjlaw.com
302.778.6401

<u>**VIA CM/ECF AND E-MAIL**</u>

The Honorable Christopher S. Sontchi
U.S. Bankruptcy Court for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, DE 19801

Re: *In re: ASHINC Corporation, et al.*, Case No. 12-11564 (CSS)
*Youngman. v. Yucaipa American Alliance Fund I, L.P., et al.,*
**Adv. Proc. No. 13-50530 (CSS) and** *Youngman. v. Yucaipa
American Alliance Fund I, L.P., et al.*, **Adv. Proc. No. 14-50971
(CSS)**

Dear Judge Sontchi:

We write in response to the Trustee's April 28, 2022 Letter[1]
requesting supplemental relief for additional discovery in connection
with the Rule 2004 Order and/or her discovery propounded under
Rule 7069(a)(2) following the June 23, 2021 Judgment.[2]

As an initial matter, Yucaipa has no ongoing obligations under the
Rule 2004 Order.  That order was entered over nine months ago and
required YAAF 1[3] to provide, within weeks of the entry of the order,
certain information in YAAF 1's possession at the time concerning
distributions made to its partners between December 1, 2016 and the
date of the Rule 2004 Motion.[4]  *See* Rule 2004 Order, Schedule A

---

[1] Main Case No. 12-11564, D.I. 4219; Adv. 13-50530, D.I. 1004; Adv. 14-50971,
D.I. 740 (the "<u>Letter</u>").

[2] Capitalized terms not otherwise defined herein shall have the meaning given to
them in the Trustee's Letter.

[3] Yucaipa American Alliance Fund I and Yucaipa American Alliance (Parallel)
Fund I, L.P. (together "<u>Yucaipa</u>" or "<u>YAAF 1</u>").

[4] Main Case No. 12-11564, D.I. 4086 (the "<u>Rule 2004 Motion</u>").



May 2, 2022
Page 2

(requiring production of information relating to distributions made since December 1, 2016); *see also* Letter, Ex. A, at p. 4 ("Unless otherwise specified, the relevant time period for these Interrogatory Requests is the period commencing January 1, 2015 ***through present***) (emphasis added); *id.* at 6 (same, for Document Requests).

Further, although the Trustee suggests that YAAF 1 had an obligation to "update" information as to discovery secured under Rule 7069(a)(2) pursuant to Rule 26(e)(1)(A), that rule applies only if a "party learns that in some material respect the disclosure or response is incomplete or incorrect." That is not the case here and the Trustee does not so assert.

Indeed, the discovery requests attached to the Letter make clear that Yucaipa has complied with the scope of such requests.  In particular, the following excerpted portions of the requests are relevant:

***** 

Interrogatories:

1. Identify all bank accounts used directly or indirectly by each of the Yucaipa Entities from January 1, 2015 through present (each an "**Account**" and collectively, the "**Accounts**").

5. Identify and describe all Assets the Partnership has distributed to its Partners (whether in cash or in kind) or otherwise sold, spent, transferred, or alienated from January 1, 2015 to present.

6. Identify all recipients of any Assets identified in response to Interrogatory No. 5, including the date such recipient received the Assets, and the amount or value ascribed to such Assets at the time of transfer, including, for the avoidance of doubt, any distributions directly or indirectly to the Yucaipa Entities and Ron Burkle.

Request for Production of Documents:

1. Documents concerning Assets the Partnership has distributed to Partners (whether in cash or in kind) or otherwise sold, spent,

DOCS_DE:239109.5 96991/001



PACHULSKI
STANG
ZIEHL
JONES

L A W   O F F I C E S

May 2, 2022
Page 3

transferred or alienated as identified in response to Interrogatory
Request No. 5.

10. Bank account statements for the Accounts identified in response
to Interrogatory Request No. 1.

*****

Yucaipa fully complied with the Rule 2004 Order following its entry
as well as Rule 7069(a)(2), and the Trustee did not dispute
Yucaipa's compliance for over nine months.  Neither the Rule 2004
Order nor Rule 7026(e)(1)(A) require Yucaipa to provide
information to the Trustee indefinitely, whenever she demands.

The Trustee's claim that the information requests made in the 2004
Motion and Rule 7069(a)(2) are "continuing in nature" is a red
herring. Yucaipa complied timely and fully with the requests made
in the Rule 2004 Motion and the Rule 7069(a)(2) requests.  The
information now being sought falls outside the scope of the original
requests.  For that reason, the Letter is procedurally improper,
because the Trustee is presently seeking new relief by letter, rather
than by motion.

Moreover, as we explained to the Trustee, there is nothing to
supplement.  Pursuant to her Rule 2004 Motion, the Trustee sought
information concerning distributions made by YAAF 1 to its
partners from December 1, 2016 through the date of the Rule 2004
Motion, and through the Rule 7069(a)(2) discovery response date.
Yucaipa provided all such information to the Trustee many months
ago.  No other distributions have been made by YAAF 1 to its
partners since the response date.

Neither the Rule 2004 Order nor Rule 7069(a)(2) entitle the Trustee
to information regarding ordinary course payments made by YAAF
1 on an ongoing basis.  Evidence of such payments never fell within
the scope of the Rule 2004 Order.  Nor was YAAF 1 restricted in
any way from making such payments from its bank accounts over
the last nine months.  While Yucaipa offered to freeze its accounts
in exchange for a stay pending appeal, the Trustee rejected that
offer.  Yucaipa's representation that it had voluntarily stopped using
its accounts at the time it filed its opposition to the Trustee's motion

3



May 2, 2022
Page 4

to register the judgment was true in August 2021, when it filed that opposition. But Yucaipa never agreed to stop using its accounts indefinitely. The Trustee never sought to freeze Yucaipa's accounts and no court ever entered an order freezing Yucaipa's accounts. Thus, the Trustee's feigned outrage upon finding that Yucaipa had used a portion of its funds to make ordinary course payments over the course of approximately eight months is not well taken. In fact, the Trustee did not levy Yucaipa's account until during the trial. Notwithstanding Trustee's counsel's statements on multiple occasions to Yucaipa's counsel and representation to the Court that the delay in execution on the judgment was because of a 6 month backlog in the U.S. Marshal's office and COVID, review of the California docket reveals that the writ of execution was served on the bank by a deputized private process server (not the U.S. Marshal) within a week of its issuance. Rather, the delay appears to have been the result of the Trustee not registering the judgment in the Central District of California until January 24, 2022, over 4 months after it was authorized by this Court to do so on September 16, 2021.

The cases cited by the Trustee to support her "continuing obligation" requirement are distinguishable and not binding in any event. The court in *SAS Inst., Inc. v. World Programming Ltd.*, No. 5:10-CV-25-FL, 2018 U.S. Dist. LEXIS 34282, at *15-16 (E.D.N.C. Mar. 2, 2018) relied upon FRCP 26(e) in requiring the defendant to supplement its discovery responses, which were incomplete, where the discovery sought was with respect to the defendant's assets and revenues and the defendant continued to receive such revenues on an ongoing basis. That rationale does not apply to YAAF 1. And *Am. Home Assurance Co . v. Rap Trucking, Inc.*, No. 09-80020, 2010 U.S. Dist. LEXIS 150517, at *6 (S.D. Fla. June 3, 2010) contains only a vague reminder to the defendant of its obligation to supplement discovery pursuant to Rule 26(e), after the court acknowledged it could not direct the defendant to produce documents it did not have.

Finally, the Trustee's demand for an accounting is based on a blatant mischaracterization of Mr. Burkle's trial testimony. The Trustee's statement that Mr. Burkle testified that Yucaipa had to return its carried interest as a result of the Court's June 23, 2021 Judgment is



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES

May 2, 2022
Page 5

not accurate.  Mr. Burkle's testimony on this point is excerpted below:

3 . . . . And then the reason we didn't get an override or a carry
4 is because we lost money here and because of the judgments that
5 have come out, we lost so much money that we lost the carry on
6 everything in the fund.
7 So not only did we lose the investment, but we had to
8 pay about $80 million of carry of profit we had made on other
9 investments because the losses here, the way the Court has
10 ruled, the losses here are so large that it took the whole fund
11 under the eight percent return and so I had to write the $80
12 million or so back to the fund that we had. So we received
13 nothing.

3/3/22 Trial Tr. 70:3-13.

Mr. Burkle did not testify that he made any transfers following, or as a result of, the entry of the Court's June 23, 2021 Judgment.  Instead, he made reference generally to the Court's prior rulings during the course of this case that preceded the Judgment (*e.g.*, the multiple adverse rulings regarding the Fourth Amendment, the section 363 sale order, etc.), which ensured that Yucaipa's investment in Allied would not generate a profit.  If the Trustee wanted to clarify Mr. Burkle's testimony on this point, the time to do so was through cross-examination at trial, not through a post-trial letter that attempts to collaterally reopen the evidentiary trial record.  In any event, as Yucaipa has previously informed the Trustee, YAAF 1 has already produced evidence of all distributions made to its partners since December 1, 2016 and there is nothing more to produce.

In sum, the Trustee has already received all evidence of distributions to partners under the Rule 2004 Order and Rule 7069(a)(2), and no other distributions have been made since.

5



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES

May 2, 2022
Page 6

We remain available at the Court's convenience.

Respectfully submitted,

*/s/ Laura Davis Jones*

Laura Davis Jones

cc:  Counsel to the Trustee (via email)
     Patricia L. Glaser, Esquire (via email)

# APPENDIX B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| ASHINC Corporation, *et al.*,[1] | Case No. 12-11564 (CSS) |
| Debtors. | (Jointly Administered) |
|  | Related to D.I. 4086 and 4183 |

### ORDER GRANTING MOTION OF THE CHAPTER 11 TRUSTEE FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING THE TAKING OF DOCUMENT DISCOVERY AND DEPOSITION TESTIMONY FROM YUCAIPA

Upon the motion of Catherine E. Youngman, as Litigation Trustee and Plan Administrator (the "Trustee") for the litigation trust (the "Litigation Trust") established for Ashinc Corporation et al. ("Ashinc") for entry of an order, pursuant to Sections 105(a) and 542(e) of Title 11 of the United State Bankruptcy Code ("Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 2004-1 of the local rules for the United States Bankruptcy Court for the District of Delaware ("Local Rules"): (i) directing Yucaipa American Alliance Fund, L.P. and Yucaipa American Alliance (Parallel) Fund I, LP (together, "YAAF 1") to produce certain documents to the Trustee, as set forth on Schedule A hereto; and (ii) authorizing the Trustee to conduct an examination of YAAF 1's custodians of records (12-11564, D.I. 4086) (the "Motion"); and it appearing that this Court has jurisdiction over this matter

---

[1]  The Debtors in these cases, along with the federal tax identification number (or Canadian business number where applicable) for each of the Debtors, are: ASHINC Corporation (f/k/a Allied Systems Holdings, Inc.) (58-0360550); AAINC Corporation (f/k/a Allied Automotive Group, Inc.) (58-2201081); AFBLLC LLC (f/k/a Allied Freight Broker LLC) (59-2876864); ASCCO (Canada) Company (f/k/a Allied Systems (Canada) Company) (90-0169283); ASLTD L.P. (f/k/a Allied Systems, Ltd. (L.P.) (58-1710028); AXALLC LLC (f/k/a Axis Areta, LLC) (45-5215545); AXCCO Canada Company (f/k/a Axis Canada Company) (875688228); AXGINC Corporation (f/k/a Axis Group, Inc.) (58-2204628); Commercial Carriers, Inc. (38-0436930); CTSINC Corporation (f/k/a CT Services, Inc.) (38-2918187); CTLLC LLC (f/k/a Cordin Transport LLC) (38-1985795); F.J. Boutell Driveway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45-4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582).  The location of the Debtors' corporate headquarters and the Debtors' address for service of process is 2302 Parklane Drive, Bldg. 15, Ste. 600, Atlanta, Georgia 30345.

pursuant to 28 U.S.C. §§157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2); and it appearing that venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and after due deliberation and it appearing that sufficient cause exists for granting the requested relief and that the relief requested pursuant to the Motion is in the best interests of the Litigation Trust, creditors and all parties-in-interest;

**IT IS HEREBY ORDERED THAT**:

1.     The Motion is hereby GRANTED.

2.     YAAF 1 is hereby directed to produce its books, records and documents responsive to the Document Requests set forth on Schedule A hereto.

3.     The production required by Paragraph 2 hereof shall be made on a rolling basis beginning no later than seven (7) business days after the date hereof, and shall be completed no later than fifteen (15) business days after the date hereof.  Such production should be made at the offices of Fox Rothschild, LLP, 49 Market Street, Morristown, NJ  07960, Attn: Catherine E. Youngman, or at such other time or place as the parties may mutually agree.

4.     The Trustee is authorized to conduct examinations of YAAF 1's custodians of records at the offices of Glaser Weil, 10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067, or at such other place as the parties may mutually agree. The examinations will be held on the earliest date and time that is practicable to the parties. Such examinations are to be continued day to day until completed.

5.     The Trustee fully reserves her right to seek further information from YAAF 1 and their current and former employees, or to depose any individual in connection with the Motion or the matters referred to therein, subject to the rights of YAAF 1 to object to same.

6.      The documents to be produced pursuant to this Order shall be subject to the terms of the Agreed Protective Order in Adv. Proc. No. 13-50530 (D.I. 86) and the Supplemental Protective Order (Adv. Proc. No. 13-50530) (D.I. 251); provided, however, that (1) the Trustee may use any material designated "Confidential" or "Professionals Only" to further efforts to recover damages awarded in connection with Adv. Proc. No. 13-50530 and Adv. Proc. No.14-50971 (the "Adversary Proceedings"), including any plenary action, and not solely and exclusively in connection with preparation and trial of the Adversary Proceedings or for use in this bankruptcy action, and (2) material designated "Confidential" or "Professionals Only" pursuant to this Order does not need to be destroyed or returned following final conclusion of the Adversary Proceedings, but rather shall be returned or destroyed within 30 calendar days following final conclusion of this bankruptcy.

7.      The Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

**Dated: July 8th, 2021**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**

3

## Schedule A – Document and Information Requests

1. The dates, amounts, and the names of the recipients for any and all distributions made by YAAF 1 since December 1, 2016.

2. Any and all supporting documentation reflecting that any distributions made by YAAF 1 since December 1, 2016 were in compliance with the terms of YAAF 1's Third Amended and Restated Limited Partnership Agreement dated March 4, 2005.

3. An accounting for the value of cash and other assets presently held by YAAF 1.

# APPENDIX C

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ASHINC Corporation, *et al.*[1], | Case No. 12-11564 (CSS) |
| Debtors. | (Jointly Administered) |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET. AL., AS SUCCESSOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ASHINC CORPORATION, AND ITS AFFILIATED DEBTORS, | Adv. Proc. No. 13-50530 |
| Plaintiff, | |
| BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., and SPECTRUM INVESTMENT PARTNERS, L.P., | |
| Intervenors, | |
| v. | |
| YUCAIPA AMERICAN ALLIANCE FUND I, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P. | |
| Defendants. | |

---

[1] The Debtors in these cases, along with the federal tax identification number (or Canadian business number where applicable) for each of the Debtors, are: ASHINC Corporation (f/k/a Allied Systems Holdings, Inc.) (58-0360550); AAINC Corporation (f/k/a Allied Automotive Group, Inc.) (58-2201081); AFBLLC LLC (f/k/a Allied Freight Broker LLC) (59-2876864); ASCCO (Canada) Company (f/k/a Allied Systems (Canada) Company) (90-0169283); ASLTD L.P. (f/k/a Allied Systems, Ltd. (L.P.) (58-1710028); AXALLC LLC (f/k/a Axis Areta, LLC) (45-5215545); AXCCO Canada Company (f/k/a Axis Canada Company) (875688228); AXGINC Corporation (f/k/a Axis Group, Inc.) (58-2204628); Commercial Carriers, Inc. (58-0436930); CTSINC Corporation (f/k/a CT Services, Inc.) (38-2918187); CTLLC LLC (f/k/a Cordin Transport LLC) (38-1985795); F.J. Boutell Driveway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45-4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582). The location of the Debtors' corporate headquarters and the Debtors' address for service of process is 2302 Parklake Drive, Bldg. 15, Ste. 600, Atlanta, Georgia 30345.

| | |
|---|---|
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., SPECTRUM INVESTMENT PARTNERS, L.P., BLACK DIAMOND COMMERCIAL FINANCE, L.L.C., as co-administrative agent, and SPECTRUM COMMERCIAL FINANCE LLC, as co-administrative agent,<br><br>                              Plaintiff,<br><br>v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.<br><br>                              Defendants. | Adv. Pro. No. 14-50971 (CSS) |

## THE TRUSTEE'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS TO YUCAIPA AMERICAN ALLIANCE FUND I, L.P. AND YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P. PURSUANT TO RULES 2004 AND 7069 OF THE FEDERAL RULES OF BANKRUPCY PROCEDURE

Catherine E. Youngman, as Litigation Trustee for ASHINC Corporation and related debtors and a Judgment-Debtor following the Judgment in the above-captioned Adversary Proceedings (the "**Trustee**"), by and through the undersigned counsel, hereby requests, pursuant to (1) Federal Rule of Bankruptcy Procedure ("**Bankruptcy Rule**") 2004, (2) Rule 2004-1 of the local rules for the United States Bankruptcy Court for the District of Delaware, and (3) Federal Rule of Civil Procedure 69, as incorporated by Bankruptcy Rule 7069, responses to the following interrogatory requests (the "**Interrogatory Requests**") and document requests (the "**Document Requests**").

## Instructions for Interrogatory Requests

1.     Answer each Interrogatory in its entirety.

2

2.      Your answer to each Interrogatory should include all knowledge within your custody, possession or control.  In answering the Interrogatory Requests, You are requested to furnish all information available to You or Your attorneys, agents, investigators, representatives, or anyone acting in cooperation or in concert with You.  Where facts set forth in Your answers or portions are supplied upon information and belief rather than actual knowledge, so indicate that and specifically describe or identify the source or sources of information and belief.  If You cannot answer the Interrogatory Request in full after exercising due diligence to secure the information requested, so state and answer to the fullest extent possible, specifying Your inability to answer the remainder and stating any information or knowledge You have concerning the unanswered portion.

3.      If You object to any portion or aspect of an Interrogatory Request, answer the remainder.  If You do not answer any Interrogatory Request because of a claim of privilege, state the privilege claimed and the facts upon which You rely to support the claim of privilege.

4.      These Interrogatory Requests are continuing in nature, and You are required to provide such additional information as You, Your attorneys, or anyone acting on Your behalf or in concert with You may have or may obtain at any time between now and collection of the Judgment in full.

5.      The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatory Requests any matters which might otherwise be construed to be outside their scope.

6.      The terms "any," "all," and "each" shall each be construed as encompassing any and all.

7.      In construing any request, instruction, or definition in the Interrogatory Requests,

instructions, or definitions, the singular form of a word shall include the plural and the plural form of a word shall include the singular.

8.      The term "including" shall not be construed to limit the scope of any Interrogatory Request, definition, or instruction.

9.      Unless otherwise specified, the relevant time period for these Interrogatory Requests is the period commencing January 1, 2015 through present.

10.     Identify each document referred to or relied on in responding to an Interrogatory Request.

### Instructions for Document Requests

1.      Documents are to be produced in full and complete form, along with any attachments, drafts, and non-identical copies, including copies that differ due to handwritten notes or other notes or markings.

2.      Bates numbers shall appear on each page of every document, or in other reasonable manner for electronic documents produced in native format sufficient to identify the document by Bates number.

3.      Electronically stored information ("**ESI**") should be produced in electronic format with all metadata preserved, or in such other format as counsel may agree.  Native versions of produced documents should be maintained when an image format is not sufficient to provide an accurate representation of the document and should be provided upon request.

4.      ESI and e-mails produced pursuant to the Document Requests shall be produced in a searchable format with an accompanying index that states the following metadata: (1) date created/sent; (2) author; (3) recipients; (4) cc – copies; (5) bcc – blind copies; and (6) subject.

5.      Unless an agreement is otherwise reached, all ESI and "E-discovery" shall be

produced in accordance with DEL. BANKR. L.R. 7026-3.

6.      Each Document Request extends to all documents in Your possession, custody or control or anyone acting on Your behalf.

7.      For avoidance of doubt, these Document Requests do not require You to re-produce any documents previously produced to the Trustee on account of the Order granting the Trustee's Rule 2004 Motion in the Bankruptcy (12-11564, D.I. 4184).

8.      The documents to be produced pursuant to these Document Requests shall be subject to the terms of the Agreed Protective Order in Adv. Proc. No. 13-50530 (D.I. 86) and the Supplemental Protective Order (Adv. Proc. No. 13-50530) (D.I. 251); provided, however, that (1) the Trustee may use any material designated "Confidential" or "Professionals Only" to further efforts to collect the Judgment, including in any plenary action, and not solely and exclusively in connection with preparation and trial of the Adversary Proceedings or for use in the Bankruptcy, and (2) material designated "Confidential" or "Professionals Only" pursuant to this Order does not need to be destroyed or returned following final conclusion of the Adversary Proceedings, but rather shall be returned or destroyed within 30 calendar days following final conclusion of the Bankruptcy.

9.      Any response to the Document Requests shall set forth the Document Request in full before each response.  Separate responses shall be provided to each Document Request.  If, after a good faith search, you conclude that there have never been documents responsive to a particular Document Request, so state.

10.     Any reference to a person or corporation in the Document Requests includes agents, employees, officers, attorneys, or anyone acting on behalf of that person or corporation.

11.     The Document Requests are continuing in nature, and You are required to provide

such additional information as You, Your attorneys, or anyone acting on Your behalf or in concert with You may have or may obtain at any time between the time responses are provided and collection of the Judgment in full.

12.     The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Document Requests any matters which might otherwise be construed to be outside their scope.

13.     The terms "any," "all," and "each" shall each be construed as encompassing any and all.

14.     In construing any Document Request, instruction, or definition, the singular form of a word shall include the plural and the plural form of a word shall include the singular.

15.     The term "including" shall not be construed to limit the scope of any Document Request, instruction, or definition.

16.     Unless otherwise specified, the relevant time period for these Document Requests is the period commencing January 1, 2015 through present.

17.     If You object to any portion or aspect of a Document Request, respond to the remainder.

18.     If any Document Request called for is withheld in whole or in part because you claim that it is privileged, constitutes attorney work product, or is otherwise exempt from discovery, set forth the grounds for withholding such document, its present location/custodian, and additional information sufficient to identify the document and your reasons for withholding, including, but not limited to: the type of document, its date, author(s), recipient(s), general subject matter, the type of privilege asserted or reason for withholding, and the basis for asserting the privilege.

6

19.     If any document requested has been lost, discarded or destroyed, identify such documents as completely as possible, including: (i) the type of document; (ii) the date of the document; (iii) the date the document was lost, discarded or destroyed; (iv) the circumstances and manner in which it was lost, discarded, or destroyed; (v) the reason(s) for disposing of the document (if discarded or destroyed); (vi) the identity of all persons authorizing or having knowledge of the circumstances surrounding disposal of the document; (vii) the identity of person(s) who lost, discarded, or destroyed the document; and, (viii) the identity of all personal having knowledge of the contents thereof.

## **DEFINITIONS**

1.     "**Adversary Proceedings**" means the above-captioned adversary proceedings — bearing the adversary proceeding numbers 13-50530 and 14-50971 — which are being prosecuted by the Trustee in the United States Bankruptcy Court for the District of Delaware, including any appeals or petitions to appeal in connection therewith.

2.     "**Advisory Board Representatives**" has the meaning ascribed to it in the Third Amended LP Agreement.

3.     "**Allied Adversary Proceeding**" means the adversary proceeding in the United States Bankruptcy Court for the District of Delaware captioned *ASHINC Corporation v. AMMC VIII, Limited, et al.*, Adv. Proc. No. 12-50947, including any appeals or petitions to appeal in connection therewith.

4.     "**Assets**" means anything of value.

5.     "**Bankruptcy**" means the above-captioned Chapter 11 Case — No. 12-11564 — in the United States Bankruptcy Court for the District of Delaware.

6.     "**Capital Account**" has the meaning ascribed to it in the Third Amended LP

Agreement.

7.    "**Capital Commitment**" has the meaning ascribed to it in the Third Amended LP Agreement

8.    "**Capital Contribution**" has the meaning ascribed to it in the Third Amended LP Agreement.

9.    "**Creditor**" means any person or entity to whom You owe money or have incurred a liability including, without limitation, by way of any monetary judgments entered by arbitrator(s), courts, or other such tribunal.

10.    "**Communications**" means any transfer of information, ideas, opinions or thoughts by any means, at any time or place, under any circumstances, and is not limited to written or verbal transfers between persons, but includes all other transfers, including, but not limited to, electronic transfers, transfers of information via text messages and/or chat application (SMS, WhatsApp, Google Chat, etc.), transfers of information stored on computer disk or computer memory, and memoranda to files.

11.    "**Concerning**" means relating to, referring to, reflecting, describing, evidencing or constituting.

12.    "**Correspondence**" means documents or communications exchanged by any means between two or more persons.

13.    "**Date**" means the exact day, month and year, if ascertainable, or the best available approximation, including relationship to other events, and designation of whether the date in the answer is the exact date or an approximate date.

14.    "**Describe**" means to state with particularity, including but not limited to, each date, fact, event, occurrence, to identify each document, and to identify each individual who can

8

testify as to such stated dates, facts, events, occurrences and documents.

15.    "**Document**" or "**documents**" shall have the broadest meaning allowable under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure and includes items written by hand, print, recorded, generated, or reproduced by any mechanical or electronic process, including but not limited to ESI.

16.    "**Drawdown Notice**" has the meaning ascribed to it in the Third Amended LP Agreement.

17.    "**Article 9 Reporting**" means all reporting to Partners described in Article 9 of the Third Amended LP Agreement.

18.    "**Georgia Action**" means the action previously pending in the Superior Court of Fulton County, State of Georgia, captioned *Allied Systems Holdings, Inc. et al. v. The CIT Group/Business Credit, Inc.*, No. 2009-CV-177574.

19.    "**General Partner**" has the meaning ascribed to in the Third Amended LP Agreement.

20.    "**GP Carry**" has the meaning ascribed to it in the Third Amened LP Agreement.

21.    "**Judgment**" means the Judgment entered on June 23, 2021 in the Adversary Proceedings (13-50530, D.I. 841; 14-50971, D.I. 579).

22.    "**New York Action**" means the action previously pending in the Supreme Court of the State of New York, County of New York, captioned *BDCM Opportunity Fund II, LP, et al. v. Yucaipa American Alliance Fund I, LP, et ano.*, No. 650150/2012, including any appeals or petitions to appeal in connection therewith.

23.    "**Organizational Expenses**" has the meaning ascribed to it in the Third Amended LP Agreement.

24.     "**Partner**" has the meaning ascribed to it in the Third Amended LP Agreement.

25.     "**Partnership Agreement**" means Your Limited Partnership Agreement as amended over time.

26.     "**Partnership Expenses**" has the meaning ascribed to it in the Third Amended LP Agreement.

27.     "**Person**" means any natural person or entity, including but not limited to, sole proprietorships, partnerships, corporations, associations, joint ventures or any other legally recognized entity.

28.     "**Remaining Capital Commitment**" has the meaning ascribed to it in the Third Amended LP Agreement.

29.     "**Third Amended LP Agreement**" means the Third Amended and Restated Limited Partnership Agreement of Yucaipa American Alliance Fund I, LP entered into as of March 4, 2005 (previously produced bearing bates numbers Yucaipa919299 through Yucaipa919394).

30.     "**You**" and "**Your**" and "**Partnership**" means Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, LP.

31.     "**Yucaipa Entities**" means Yucaipa American Alliance Fund I, L.P.; Yucaipa American Alliance (Parallel) Fund I, LP; Yucaipa American Alliance Fund I, LLC; Yucaipa American Funds LLC.; Yucaipa American Management LLC (collectively, the "**Yucaipa American Entities**"); and, any other entity directly or indirectly owned or controlled by Ron Burkle that has an equity ownership in any of the Yucaipa American Entities, together with each of their predecessors and successors in interest.

**INTERROGATORY REQUESTS**

1.      Identify all bank accounts used directly or indirectly by each of the Yucaipa Entities from January 1, 2015 through present (each an "**Account**" and collectively, the "**Accounts**").

2.      For every Account identified in response to Interrogatory Request No. 1, identify:

      a.  The name and address of the bank or institution where the Account is or was held;

      b.  The dates during which the Account was being used;

      c.  The name of the beneficial owner of the Account;

      d.  The names of the owners, limited partner(s) and/or shareholder(s) for each entity in 2(c); and,

      e.  If still in existence, the amount of funds being held by each Account.

3.      List any Assets the Partnership and/or the General Partner holds including any equity, real property, debt or other such Assets.

4.      For each Asset identified in response to Interrogatory No. 3, describe any valuation(s) for the previous 6 years, including the valuation amount of each Asset, the effective date of such value, and the method and source used to derive such value.

5.      Identify and describe all Assets the Partnership has distributed to its Partners (whether in cash or in kind) or otherwise sold, spent, transferred, or alienated from January 1, 2015 to present.

6.      Identify all recipients of any Assets identified in response to Interrogatory No. 5, including the date such recipient received the Assets, and the amount or value ascribed to such Assets at the time of transfer, including, for the avoidance of doubt, any distributions directly or

indirectly to the Yucaipa Entities and Ron Burkle.

7.        Identify and describe all new investments the Partnership has made from January 1, 2015 to present.

8.        List any existing liabilities the Partnership has, including by (i) identifying and describing all of the Partnership's Creditors and the amount owed to each Creditor, and (ii) to the extent there is any distinction, all of the Partnership's currently outstanding Partnership Expenses and/or Organizational Expenses.

9.        For each existing or contingent liability identified in response to Interrogatory No. 8, describe any valuation for the previous 6 years including the valuation amount of each liability, the effective date of such value, and the method and source used to derive such value.

10.       Identify all of the Partnership's Partners from inception through present.

11.       For each Partner identified in response to Interrogatory Request No. 10, identify the date and amount of any Capital Commitment the Partner made to the Partnership.

12.       For each Partner identified in response to Interrogatory Request No. 10, identify the date and amount of any Capital Contribution the Partner made to the Partnership.

13.       For each Partner identified in response to Interrogatory Request No. 10, identify (i) the current Remaining Capital Commitment of such Partner and (ii) the Remaining Capital Commitment of such Partner as of the end of each of calendar years 2015 through 2020.

14.       Identify and describe any GP Carry that was received, directly or indirectly, from the Partnership in connection with any Partnership investment and, if any such GP Carry was received, identify the recipient of such GP Carry, the amount received, the date received, and the investment to which it relates.

15.       Identify whether the Yucaipa Entities have made or owe any clawback payments

to the Partnership pursuant to Sections 13.2(b) or (c) of the Third Amended LP Agreement (or the equivalent provision of a Partnership Agreement now in effect) and, if so, provide the amount paid or owed, date paid or reserved, and the investment to which it relates.

## REQUESTS FOR PRODUCTION

1.  Documents concerning Assets the Partnership has distributed to Partners (whether in cash or in kind) or otherwise sold, spent, transferred or alienated as identified in response to Interrogatory Request No. 5.

2.  Documents sufficient to show the corporate structure of entities above and below the Partnership, including documents sufficient to show any changes to the corporate structure from the Partnership's inception through present.

3.  Copies of the formation documents for the Yucaipa Entities, including all amendments or restatements thereto.

4.  Copies of governing agreements for the Yucaipa Entities, including all amendments or restatements thereto.

5.  A copy of tax returns and other tax filings in the form filed with the respective taxing authorities by the Partnership and the General Partner whether on its own behalf or on behalf of any Partners.

6.  Documents and communications concerning the valuation of investments held by the Partnership including any (i) internal valuation memoranda and/or models used to device such values; (ii) Article 9 Reporting provided to the Partners; (iii) Distribution Notices to Partners; (iv) Drawdown Notices to Partners; (v) Capital Account statements; (vi) Capital Contribution notices to Partners.

7.  Communications with the Partners regarding the Partnership's investment in

13

Allied, including all communications concerning the Georgia Action, the New York Action, the Bankruptcy, the Allied Adversary Proceedings, and the Adversary Proceedings, from November 1, 2009 through present.

8.    Communications with the Partnership's accountants regarding its investment in Allied, including all communications concerning the Georgia Action, the New York Action, the Bankruptcy, the Allied Adversary Proceedings, and the Adversary Proceedings for the time period from November 1, 2009 through present.

9.    Documents or communications in connection with meetings with Partners regarding the Partnership's financial performance and the valuation of any of its Assets or liabilities, including any documents prepared for the Advisory Board Representatives.

10.    Bank account statements for the Accounts identified in response to Interrogatory Request No. 1.

11.    A copy of any credit or loan application by the Partnership including any document submitted in support of such application by the Partnership.

12.    A copy of the books and records described at Article 8.2 of the Third Amended LP Agreement.

13.    A copy of any "side letter or similar agreement" the General Partner or Partnership entered with any Partner as contemplated in Article 16.11 of the Third Amended LP Agreement.

Dated: July 9, 2021

**FOX ROTHSCHILD LLP**

By:          *<u>/s/ Seth A. Niederman</u>*
                  Seth A. Niederman (DE Bar No. 4588)
                  Citizens Bank Center
                  919 N. Market Street, Suite 300
                  Wilmington, DE 19801
                  Tel.: (302) 654-7444
                  Fax: (302) 656-8920
                  sniederman@foxrothschild.com

                  -and-

                  **JOSEPH HAGE AARONSON LLC**
                  Gregory P. Joseph
                  Douglas J. Pepe
                  Gila S. Singer
                  485 Lexington Avenue, 30th Floor
                  New York, NY 10017
                  Telephone: (212) 407-1200
                  gjoseph@jhany.com

                  -and-

                  **ZAIGER LLC**
                  Jeffrey H. Zaiger
                  Judd A. Lindenfeld (*pro hac vice forthcoming*)
                  2187 Atlantic Street, 9th Floor
                  Stamford, CT 06902
                  Telephone: (917) 572-7701
                  jzaiger@zaigerllc.com

                  *Counsel for the Litigation Trustee and Plan Administrator*

15
